11-2592-cv(L)
*Citibank, N.A. v. Morgan Stanley & Co. International, PLC*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# AMENDED SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of October, two thousand twelve.

PRESENT:

JON O. NEWMAN,
JOSÉ A. CABRANES,
CHESTER J. STRAUB,
        *Circuit Judges.*

---

CITIBANK, N.A.,

            *Plaintiff-Counter-Defendant-Appellee,*

                                                    No. 11-2592-cv(L)
            v.                                      No. 11-2806-cv(CON)

MORGAN STANLEY & CO. INTERNATIONAL, PLC,

            *Defendant-Counter-Claimant-Appellant.*

---

**FOR PLAINTIFF-COUNTER-
DEFENDANT-APPELLEE:**                 GREGORY P. JOSEPH (Peter R. Jerdee, Sandra
                                      M. Lipsman, and Rachel M. Cherington, *on the
                                      brief*), Gregory P. Joseph Law Offices LLC,
                                      New York, NY.

**FOR DEFENDANT-COUNTER-CLAIMANT-APPELLANT:**

KATHLEEN M. SULLIVAN (Michael B. Carlinsky, Jonathan E. Pickhardt, William B. Adams, and Andrew S. Corkhill, *on the brief*), Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY.

Appeal from a May 27, 2011 judgment of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Counter-Claimant-Appellant Morgan Stanley & Co. International, PLC ("Morgan Stanley") appeals from a May 25, 2011 decision granting to Citibank, N.A. ("Citibank") judgment on the pleadings on a breach of contract claim and summary judgment on a reformation of contract counterclaim in an action involving a collateralized debt obligation ("CDO") swap transaction. We assume the parties' familiarity with the facts and procedural posture of this case, which we reference only as necessary to explain our decision to affirm.

## BACKGROUND

This dispute arises from the interaction of three financial agreements: (1) an agreement (the "Capmark Indenture") setting up the Capmark CDO, a vehicle created to generate cash flow to investors secured by certain collateral; (2) an agreement (the "Capmark Credit Agreement") whereby Citibank provided credit to the Capmark CDO; and (3) an agreement (the "Capmark Swap") whereby Morgan Stanley sold Citibank credit protection on the credit it provided to the Capmark CDO. These agreements (collectively, the "Transaction Documents") were executed in July 2006.

On August 5, 2008, the Capmark CDO suffered an "Event of Default" when the principal value of its collateral fell below $366 million. On March 9, 2009, Citibank directed the Trustee to liquidate the CDO's collateral pursuant to § 5.5(a)(ii) of the Capmark Indenture. The proceeds of the liquidation, however, were insufficient to pay the $366 million, leaving a shortfall of approximately $245 million. On July 24, 2009, Citibank issued a "Credit Event Notice" to Morgan Stanley seeking payment for the $245 million in losses. On July 27, 2009, Morgan Stanley notified Citibank that it was refusing to pay, claiming that Citibank had breached the Capmark Swap by failing to obtain Morgan Stanley's consent before directing liquidation of the CDO's collateral.

2

In September 2009, Citibank filed this action against Morgan Stanley for breach of contract based on Morgan Stanley's failure to pay Citibank the $245 million in losses from the liquidation. Morgan Stanley counterclaimed, seeking a declaration that it had no payment obligation on the theory that Citibank had breached the Capmark Swap by failing to obtain Morgan Stanley's consent before directing the liquidation. The parties cross-moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). In May 2010, the District Court granted Citibank's motion and denied Morgan Stanley's cross-motion, relying solely on the Transaction Documents and finding them "unambiguous."

While the Rule 12(c) motions were pending, Morgan Stanley amended its answer to add counterclaims for equitable estoppel and reformation. In August 2010, Citibank moved for judgment on the pleadings on these counterclaims. The District Court granted Citibank's motion with respect to the equitable estoppel counterclaim, but denied the motion with respect to the reformation counterclaim. After fact discovery, both parties moved for summary judgment on Morgan Stanley's reformation counterclaim.

On May 25, 2011, the District Court denied Morgan Stanley's summary judgment motion on the reformation counterclaim and granted Citibank's motion for summary judgment. Judgment was entered on May 27, 2011.

This appeal followed.

## DISCUSSION

On appeal, Morgan Stanley argues that the District Court erred in granting to Citibank judgment on the pleadings on the contract claim and summary judgment on the reformation of contract counterclaim. We disagree. While we affirm substantially for the reasons stated by the District Court in its careful and comprehensive opinions, we comment briefly on a few qualifications underlying our decision.

First, in affirming the District Court's grant of judgment on the pleadings on the breach of contract claim, we do not rely on or consider Citibank's argument that § 6.07 of the Capmark Credit Agreement is inapplicable because only one lender was involved in this case. Like the District Court, we assume without deciding that § 6.07 applies despite Citibank's argument. Special App'x 18–19 n.70.

Second, while we agree with the District Court that Citibank's issuance of a "direction" under the Capmark Indenture did not implicate Morgan Stanley's "consent" rights, we do so on the

3

basis that, pursuant to the Transaction Documents, a "direction" does not fall within the definition of "consent." *See id.* at 19–20. We place no weight on the District Court's view that because Citibank had two roles under the Capmark Credit Agreement (Lender and Administrative Agent), it "makes no sense" that "Citibank was required to consent to or authorize its own action." *Id.* at 19.

## CONCLUSION

We have reviewed Morgan Stanley's arguments and find each of them to be without merit. Substantially for the reasons stated by the District Court, as qualified above, we conclude that it did not err in granting judgment on the pleadings for Citibank under Rule 12(c) on the contract claim and in granting summary judgment for Citibank on Morgan Stanley's reformation counterclaim. Accordingly, its May 27, 2011 judgment is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4